# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID# 1508020940A/B |
| | ) | |
| DEMONTE L. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: September 15, 2022
Date Decided: September 19, 2022
Date Corrected: April 3, 2023[1]

## ORDER

Upon consideration of Defendant's *Pro Se* Motion for Postconviction Relief[2] and Defense Counsel's Motion to Withdraw as Counsel;[3] Superior Court Criminal Rule 61; the facts, arguments, and legal authorities set forth in the Motions; statutory and decisional law; and the record in this case, **IT APPEARS THAT**:

(1)  On February 6, 2018, a jury found Defendant Demonte L. Johnson guilty of Murder First Degree, Possession of a Firearm During Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited ("PFBPP").[4]

(2)  Defendant filed a timely Motion for New Trial, asserting that *Batson* violations, improper questioning regarding Defendant's post-arrest silence,

---

[1] This Corrected Order is a reissuance of the Court's September 19, 2022 Order and corrects a scrivener's error: "or" has been changed to "and" in the first sentence of paragraph seventeen. *See Johnson v. State*, No. 58, 2023, 2023 WL 2726930, at *1 (Del. Mar. 30, 2023).

[2] D.I. 116/52.

[3] D.I. 133/68.

[4] D.I. 87/23.

prosecutorial misconduct during cross-examination, and prejudicial testimony by a State witness unfairly prejudiced his right to a fair trial.[5]

(3)  The Court denied Defendant's Motion for New Trial on July 25, 2018[6] and sentenced Defendant as follows, effective August 24, 2018: for Murder First Degree, life imprisonment; for PFDCF, 10 years of imprisonment;[7] and for PFBPP, 16 years of imprisonment, suspended after 15 years for decreasing levels of supervision.[8]

(4)  Defendant filed a direct appeal.[9]  On June 19, 2019, the Supreme Court issued its Mandate affirming the judgment of the Superior Court "on the basis of and for the decisions stated in its July 25, 2018 opinion."[10]

(5)  Defendant filed this timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 Motion") on October 3, 2019.[11]  The sole ground of the motion is Defendant's attorneys were "ineffective at trial and ineffective on direct appeal."[12]

---

[5] D.I. 93/30 at 2; D.I. 94/41.

[6] D.I. 108/44.

[7] The first three years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 1447A(b).

[8] D.I. 109/45.

[9] D.I. 112/48.

[10] D.I. 115/51; *Johnson v. State*, 213 A.3d 38 (Del. 2019) (ORDER).

[11] D.I. 116/52.

[12] *Id.* at 3.

(6) Along with his Rule 61 Motion, Defendant filed a *pro se* Motion for Appointment of Counsel, alleging his Rule 61 Motion presents a substantial ground for relief because his attorneys were ineffective during trial and appeal.[13]

(7) Christopher S. Koyste, Esq. was appointed as Rule 61 counsel ("Rule 61 Counsel") pursuant to Rule 61(e)(2).[14]

(8) Under Superior Court Criminal Rule 61(e)(6), there is a duty to assist the movant in presenting any substantial ground for relief.[15] If counsel uncovers any substantial ground for relief, an amended motion can be filed.[16] Contrarily, if counsel "considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw."[17] If counsel moves to withdraw, they must explain the factual and legal basis for their opinion and provide notice to the movant, who may respond within thirty days of service.[18]

---

[13] D.I. 117/53 at 2 ¶ 7.
[14] D.I. 120/56. Super. Ct. Crim. R. 61(e)(2) states counsel shall be appointed for:
> [An] indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside: (i) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C. § 4205(b); (ii) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a life sentence under 11 Del. C. §4214; or (iii) a sentence of death.

[15] Super. Ct. Crim. R. 61(e)(6).
[16] Super. Ct. Crim. R. 61(b)(6).
[17] Super. Ct. Crim. R. 61(e)(7).
[18] *Id.*

3

(9) On March 11, 2021, Rule 61 Counsel filed a Motion to Withdraw as Counsel, along with a Memorandum of Law and four volumes of appendices, stating that the proposed ineffective assistance of counsel claim lacks merit.[19] In the Memorandum, Rule 61 Counsel explains why, after his thorough investigation of the record and case law, the claim lacks merit.[20]

(10) Along with his Motion to Withdraw, Rule 61 Counsel filed a Motion to Seal[21] and a Motion to Modify the March 29, 2016 and January 29, 2018 Protective Orders ("Motion to Modify").[22] The Motion to Seal sought to seal the four redacted appendices attached to the Motion to Withdraw until the State could ensure they complied with the protective orders.[23] The Motion to Modify sought to modify the protective orders so that Defendant could review cell phone records and a redacted version of his file to determine whether he wished to respond to the Motion to Withdraw.[24] The Court "suspend[ed] the filing deadline for Defendant's response

---

[19] D.I. 133/68; D.I. 132/69; D.I. 134/70; D.I. 135/71. Under Super. Ct. Crim. R. 61(e)(7), counsel must provide a legal and factual basis when moving to withdraw.

[20] D.I. 133/68. Before filing this motion, Rule 61 Counsel reviewed the entire record to determine whether any substantial ground for relief was available to Defendant. Rule 61 Counsel sought multiple extensions of time (which the Court granted) in order to complete this thorough review. *See* D.I. 125/61; D.I. 128/64; D.I. 130/66.

[21] D.I. 133/68.

[22] D.I. 131/67.

[23] D.I. 133/68 at 2-3 ¶¶ 5-7. In the Motion to Seal, Rule 61 Counsel stated he believed his redactions satisfied the protective orders, but as "best practice" he believed they should be filed under seal until the State reviewed them in case any further redactions were necessary.

[24] D.I. 131/67.

4

to the pending Motion to Withdraw until the Court rule[d] on the pending Motion to Modify the Protective Orders."[25]

(11) The State responded to the Motion to Modify and the Motion to Seal on June 21, 2021, stating that the redacted appendices complied with the protective orders and it was unopposed to unsealing them.[26] The State also did not oppose Defendant receiving his cell phone records and redacted versions of the documents and discs from his file, but requested that the materials be stored with a custodian at the correctional center who would supervise Defendant's access.[27]

(12) Rule 61 Counsel replied to the State's Response on July 9, 2021, asking the State to redact the discs.[28] The Court held a teleconference on August 23, 2021 to discuss the Motion to Modify.[29] The Court and parties discussed the scope of the protective orders, the necessary redactions, the formatting of the discs, and who would bear the burden of redacting them.[30] In light of the agreements reached on all these issues, the Motion to Modify was rendered moot.[31]

(13) The Court granted the Motion to Modify by Order dated February 2, 2022.[32] The Order permitted Rule 61 Counsel to provide Defendant with redacted

---

[25] D.I. 136/72.
[26] D.I. 138/74 at 1 ¶¶1-2.
[27] *Id.* at 1-4 ¶¶ 3-6.
[28] D.I. 139/75 at 1-2 ¶¶ 4-5.
[29] D.I. 140.
[30] *Id.*
[31] D.I. 140/75.
[32] D.I. 148/83.

versions of his case file, copies of his cell phone records, and a copy of the redacted Motion to Withdraw appendices.[33] Rule 61 Counsel mailed the redacted case file to Defendant on May 4, 2022.[34]

(14) Instead of responding to the Motion to Withdraw, Defendant filed another *pro se* Motion for Appointment of Counsel.[35] The motion was referred to Rule 61 Counsel because Defendant was still represented by him.[36]

(15) On July 14, 2022, the Court denied Defendant's *pro se* motion and advised him that it was "extending the deadline for the filing of Defendant's response [to the Motion to Withdraw] to August 22, 2022."[37] To date, Defendant has not filed a response to the motion.

(16) The State responded on September 15, 2022.[38] The State argues, among other things, that Defendant's failure to file a response after being given additional

---

[33] *Id.*
[34] D.I. 152/87.
[35] D.I. 153/88.
[36] Super. Ct. Crim. R. 47. Under Super. Ct. Crim. R. 47, *pro se* motions will not be considered by defendants represented by counsel. *Jones v. State*, 230 A.3d 900, 2020 WL 2280509, at *3 (Del. May 7, 2020) (TABLE).
[37] D.I. 156/91. The Court stated:

> Rule 61(e)(7) and (f) sets forth in detail the process that must be followed (by the attorney, the Defendant and the State) when an attorney moves to withdraw as counsel in a Rule 61 matter. Now that Mr. Koyste has filed a motion explaining the factual and legal basis for his opinion that he must withdraw as counsel, the Defendant may file a response to that motion. **The Court is extending the deadline for the filing of Defendant's response to August 22, 2022**. Mr. Koyste, please ensure that the Defendant is aware of this deadline.

[38] D.I. 157/92.

time to do so means Defendant rests on the sole claim he made in his *pro se* Rule 61 Motion.[39]

(17) Superior Court Criminal Rule 61(a) states postconviction motions must be based on a sufficient factual and legal basis.[40] Superior Court Criminal Rule 61(b)(2) requires that postconviction motions "specify all grounds for relief which are available to the movant . . . and shall set forth in summary form the facts supporting each of the grounds thus specified."[41] "[F]or a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal."[42] Conclusory allegations of ineffective assistance of counsel will not suffice.[43] If it plainly appears from the motion that the movant is not entitled to relief, the judge may summarily dismiss it.[44]

(18) Here, Defendant fails to set forth any specific allegations of ineffective assistance of counsel at the trial or appellate level, or facts supporting the sole ground stated in his motion.[45] As the State notes, Defendant has not presented "any legal

---

[39] *Id.* at 6 ¶ 4.
[40] Super. Ct. Crim. R. 61(a).
[41] Super. Ct. Crim. R. 61(b)(2).
[42] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).
[43] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996). *See also State v. Watson*, 2008 WL 1952150, at *2 (Del. Super. Ct. Mar. 25, 2008).
[44] Super. Ct. Crim. R. 61(d)(5).
[45] D.I. 116/52.

issues grounded in the facts of his case . . . ."[46]  It plainly appears from the Rule 61 Motion and the record that Defendant is not entitled to relief, and therefore the Court may enter an Order for its summary dismissal.[47]

**NOW THEREFORE**, Counsel's Motion to Withdraw is **GRANTED** and Defendant's *Pro Se* Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge


Original to Prothonotary
cc:  Elizabeth R. McFarlan, DAG
     Christopher S. Koyste, Esq.
     Demonte L. Johnson (SBI# 00431629)

---

[46] D.I. 157/92.
[47] Super. Ct. Crim. R. 61(d)(5).